# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE ALLEN EDWARDS, ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-07-824-HE |
| ) | |
| JIM KEITH, WARDEN, ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Petitioner filed his Petition and brief in this Court on July 25, 2007.[1] For the reasons stated herein, it is recommended that this action be transferred to the United States District Court for the Eastern District of Oklahoma.

An application for a writ of habeas corpus filed by a state prisoner of a state which contains more than one federal judicial district may be filed in either the district where the prisoner is in custody or in the district where the prisoner was convicted. *See* 28 U.S.C. § 2241(d). In this case, however, neither the place where Petitioner is in custody nor the place of his conviction is within the Western District of Oklahoma.

In this action, Petitioner challenges his conviction in the District Court of Johnston County, Oklahoma, in Case No. CF-2002-52. Johnston County is located within the Eastern District of Oklahoma. Petitioner is presently incarcerated at the Davis Correctional Facility

---

[1] Petitioner also filed an Application for an Evidentiary Hearing and Motion for Appointment of Counsel [Doc. #3] and Motion to Supplement [Doc. #8]. It is recommended Petitioner's Application and Motions be transferred along with the Petition for further proceedings.

in Holdenville, Oklahoma, in Hughes County. Hughes County is also located within the Eastern District of Oklahoma.

Pursuant to 28 U.S.C. § 1406(a), the district court of a district in which a case is filed laying venue in the wrong district shall dismiss, or if it be in the interest of justice, transfer the case to any district in which it could have been brought. In light of the one-year statutory limitation period for habeas corpus actions, 28 U.S.C. § 2244(d), it would be in the interest of justice to transfer rather than dismiss Petitioner's case.

## RECOMMENDATION

It is recommended that this case be transferred to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August  22nd , 2007. *See* LCvR72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral.

ENTERED this __2nd__ day of August, 2007.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE